UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DINON, | |
| Plaintiff | Civil Action No. |
| -vs- | **PLAINTIFF REQUESTS A TRIAL BY JURY** |
| FULTON BANK NATIONAL ASSOCIATION; FULTON BANK NATIONAL ASSOCIATION d/b/a FULTON BANK | |
| | **COMPLAINT** |
| Defendant | |

Plaintiff, WILLIAM DINON ("Plaintiff" and/or "Mr. DINON"), by and through his undersigned counsel hereby files this Civil Action Complaint against Defendant FULTON BANK NATIONAL ASSOCIATION, and FULTON BANK NATIONAL ASSOCIATION d/b/a FULTON BANK ("Defendant" and/or "FULTON BANK") and upon information and belief avers the following:

## NATURE OF THE CASE

Plaintiff complains of age discrimination and failure to hire pursuant to the Age Discrimination in Employment Act of 1967, as codified at 29 U.S.C. § 621 et seq., and the Pennsylvania Human Relations Act ("PHRA"), as codified, 43 P.S. § 951, *et seq*. and seeks damages to redress injuries Plaintiff suffered as a result of Defendants' discriminatory refusal to conduct a meaningful interview or hire him for a position for which he was well-qualified. Defendants' conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.

1

**JURISDICTION AND VENUE**

1. This action arises under a question of federal law, specifically the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.

2. This court has supplemental jurisdiction over Plaintiff's claims brought under the PHRA, and all such claims arise from the same nucleus of operative fact.

3. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred in Lancaster County, Pennsylvania, within the Eastern District of Pennsylvania, where Plaintiff sought employment with Defendants.

4. Plaintiff first contacted the Equal Employment Opportunity Commission ("EEOC") on January 2, 2024, and completed an inquiry stating that he wanted to file an age discrimination case against Respondent.

5. The EEOC opened an inquiry and assigned a charge number 530-2024-02239. The inquiry had an appointment date with an intake specialist of May 8, 2024, that listed an approximate deadline date of filing the charge of June 10, 2024.

6. Subsequently the EEOC contacted Plaintiff and suggested he seek counsel.

7. Plaintiff retained counsel on April 12, 2024, and counsel filed a charge of discrimination against Defendant Fulton Bank on Plaintiff's behalf on May 3, 2024.

8. The charge was filed through the EEOC Portal, and when it was filed it was automatically assigned the charge number of 530-2024-05569.

9. The charge of discrimination was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

10. On September 24, 2025, the EEOC issued Plaintiff a Notice of Right to Sue.

11. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

12. Plaintiff has therefore satisfied all conditions precedent and exhausted all administrative remedies required under the ADEA and the PHRA prior to filing this civil action.

## PARTIES

13. Plaintiff, WILLIAM DINON, is an adult individual residing in Delaware County, Pennsylvania.

14. Plaintiff is a Caucasian male, sixty-six (66) years of age and is therefore a member of the class protected by the ADEA.

15. At the time of the events in questions, specifically Defendant's vetting of Plaintiff for employment, interviewing Plaintiff for employment and ultimately failing to hire Plaintiff for employment, Plaintiff was sixty-five (65) years of age and likewise protected by the ADEA and similarly under the PHRA.

16. Defendant FULTON BANK, NATIONAL ASSOCIATION, is a domestic business corporation with its principal office at One Penn Square, Lancaster, Pennsylvania 17602.

17. Defendant FULTON BANK, NATIONAL ASSOCIATION d/b/a FULTON BANK, is likewise a domestic business corporation authorized to do business in the Commonwealth of Pennsylvania.

18. At all relevant times, Defendants were joint and individual potential employers of Plaintiff within the meaning of the ADEA.

## MATERIAL FACTS

19. On or around May 30, 2023, Defendants' human resources representative, Vicki Dettinger, Defendants' Vice President of Human Resources, contacted Plaintiff regarding an open

Relationship Manager position servicing Defendants' 401(k) clients in the greater Philadelphia area.

20. Plaintiff has extensive banking and financial industry experience spanning several decades.

21. Ms. Dettinger identified Plaintiff as a potential candidate for a Relationship Manager-Retirement Services role.

22. Once contacted about the role, Plaintiff expressed an interest in interviewing for the role.

23. Through various email communications Plaintiff explained that he was a more senior employee with over twenty (20) years of experience and wanted to ensure that Defendants were interested in him.

24. Ms. Dettinger explained that there were different levels of the Relationship Manager role, and that Defendant could hire up to a Relationship Manager III position, so she believed that Plaintiff was still a viable candidate for the role.

25. Plaintiff agreed and applied for the Relationship Manager III position.

26. On or around June 2, 2023, Plaintiff had an initial interview with Ms. Dettinger.

27. Ms. Dettinger, satisfied with Plaintiff's preliminary interview, wanted to schedule the Plaintiff for an in-person interview.

28. Plaintiff asked that Ms. Dettinger would explain to the next round of interviewers that Plaintiff was a more experienced senior employee and that he had applied for the Relationship Manager III role.

29. Plaintiff did not want the interviewers to be surprised by his age and experience.

30. Ms. Dettinger failed to relay this information to the next round interviewers. The sum of the communications between Ms. Dettinger and the next round interviewers was a summary of Plaintiff's resume.

31. When Ms. Dettinger scheduled Plaintiff for an in-person interview for the role in Lancaster, Pennsylvania, Plaintiff had requested that the fact that he was an older candidate be relayed to the hiring managers and perhaps a teleconference interview would be more appropriate.

32. Ms. Dettinger insisted on an in-person interview, to which Plaintiff agreed.

33. Ms. Dettinger did not relay Plaintiff's more senior status or the fact that he was an older employee to interviewers Ms. Jennifer Schweibel, Defendantss' Senior Vice President/Manager of Relationship Management Team or Mr. Brian Peachey, Senior Vice President/Director of Institutional Services.

34. On or around June 14, 2024, Plaintiff traveled from Delaware County to Lancaster County to interview at Defendants' corporate office.

35. When Plaintiff arrived, he first interviewed with Ms. Jennifer Schweibel.

36. Plaintiff was interviewing for the position of Institutional Retirement Services Manager for Southeast Pennsylvania and Southern New Jersey.

37. The first interview was with Jennifer Schweibel, who was surprised by Plaintiff's age.

38. Plaintiff spent fifteen years of his career with two largest banks in Philadelphia in the banks' 401(k) divisions.

39. The Defendant's opening for a Relationship Manager was also within the 401(k) division.

40. Ms. Schweibel did not ask Plaintiff one question about his employment with the previous banks in their 401(k) divisions or about his knowledge of the 401(k) market.

41. In her notes, she referred to Plaintiff as a mutual fund person, a role which Plaintiff never held throughout his career.

42. It became clear to Plaintiff that once Ms. Schweibel saw Plaintiff, that based on his age, she had no interest in conducting the agreed upon interview.

43. Plaintiff also interviewed with Mr. Brian Peachy that day.

44. Plaintiff's interview was scheduled to being at 12:00 P.M. on June 14, 2023.

45. When Plaintiff introduced himself, Mr. Peachey appeared visibly surprised by Plaintiff's age.

46. During Plaintiff's interview, Mr. Peachey opened his computer and began responding to emails.

47. Mr. Peachey had brief conversational interactions with Plaintiff, none of a substantive nature regarding Plaintiff's experience.

48. Mr. Peachy arrived at Plaintiff's interview fifteen (15) minutes late and then immediately opened his laptop and began working. Plaintiff asked Mr. Peachy a few times if Mr. Peachey wanted to reschedule the interview and Mr. Peachy said it wasn't necessary. Then, Mr. Peachy closed his laptop and walked Plaintiff out.

49. During the EEOC investigation, it was revealed that Defendants interviewed three (3) other candidates for the role of Relationship Manager.

50. One candidate was forty (40) years of age, one candidate was (44) years of age, and one candidate the age was not disclosed.

51. Plaintiff was informed in August 2023, that he had not been hired for the role of Relationship Manager.

52. Defendant hired the candidate who was forty-four (44) years of age, which was substantially younger than Plaintiff at the time.

53. Plaintiff was denied a fair opportunity for employment because of his age.

54. The above are just some of the examples of the discrimination to which Defendants subjected Plaintiff.

55. As a result of Defendant's actions, Plaintiff felt humiliated, degraded, victimized, embarrassed, and emotionally distressed.

56. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

57. As a result of Defendant's conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

58. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendant.

59. The above are just some examples of the discrimination, that Defendants subjected the Plaintiff.

60. Defendants exhibited a pattern and practice of discrimination.

**AS A FIRST CAUSE OF ACTION
FOR AGE DISCRIMINATION (FAILURE TO HIRE)
UNDER 29 U.S.C. § 621 et seq. (ADEA)**

61. Plaintiff hereby incorporates each and every allegation made in the above paragraphs of this complaint as fully as if they were set forth at length.

62. 29 U.S.C. § 621(a) states in relevant part as follows: "It shall be unlawful for an employer - (1) to refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]"

63. Defendant FULTON BANK took actions against Plaintiff in violation of the ADEA by discriminating against Plaintiff.

64. Plaintiff, who was sixty-four (64) at the time of the events alleged herein, is a member of the protected class under the ADEA.

65. Defendants violated the ADEA by refusing to meaningfully interview or hire Plaintiff for the Relationship Manager III position and instead hiring a substantially younger, less experienced candidate.

66. Defendants' discriminatory actions were intentional, willful, and taken with reckless disregard for Plaintiff's federally protected rights.

67. Plaintiff is entitled to all legal and equitable remedies available under the ADEA, including compensatory damages, back pay, front pay, liquidated damages, and attorney's fees.

## AS A SECOND CAUSE OF ACTION
## FOR AGE DISCRIMINATION (FAILURE TO HIRE) UNDER THE
## PENNSYLVANIA HUMAN RELATIONS ACT

68. Plaintiff hereby incorporates each and every allegation made in the above paragraphs of this Complaint as fully as if they were set forth at length.

69. The PHRA § 955(c) states that "It shall be an unlawful discriminatory practice… (d) For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or

because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

70. Defendants failed to hire Plaintiff due to his age in violation of the PHRA by failing to properly interview Plaintiff, and by hiring a substantially younger employee than Plaintiff.

71. Plaintiff makes claims for all damages available to him as a result of Defendants' unlawful retaliatory actions.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

Dated: December 16, 2025

**FREUNDLICH & LITTMAN, LLC**
*Attorneys for Plaintiff*

By: */s/ Samuel C. Wilson, Esq.*
Samuel C Wilson, Esquire
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
P: (215) 545-8500
F: (215) 545-8510
E: *Sam@fandllaw.com*
